```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

MICHAEL DORSEY,

          Plaintiff,        Case No. 16 C 6592

    v.

UNITED STATES OF AMERICA,     Judge Harry D. Leinenweber

          Defendant.

## MEMORANDUM OPINION AND ORDER

For the reasons stated herein, Petitioner Michael Dorsey's Motion for Relief under 28 U.S.C. § 2255 [ECF No. 1] is denied. The Court declines to issue a Certificate of Appealability.

### I. BACKGROUND

In November 2011, Michael Dorsey ("Dorsey") pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *See, United States v. Dorsey,* No. 10-CR-645, ECF No. 41 ¶¶ 1-5 (N.D. Ill. Oct. 26, 2011). Prior to this plea, Dorsey had been convicted under Illinois law of armed robbery in six separate cases, attempted armed robbery in another case, and (mere) robbery in yet another. *Id.* ¶ 10(c). Adding to these convictions incurred as an adult, Dorsey was also convicted as a juvenile for armed robbery. *See, Dorsey v. United States,* No. 16-CV-6592, ECF No. 1 at 5 (Dorsey's § 2255 Mot.) (N.D. Ill. June 23, 2016).

The Court sentenced Dorsey to 15 years of incarceration, the minimum mandatory sentence under the Armed Career Criminal Act ("ACCA"). *See, United States v. Dorsey,* ECF No. 56. While a person may be punished by a term of imprisonment of up to only 10 years under 18 U.S.C. § 922(g), *see*, 18 U.S.C. § 924(a)(1)(D)(2), the ACCA increases that sentence to a minimum of 15 years where the person has three previous convictions for a "violent felony . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

The ACCA defines a "violent felony" in alternative ways. Under the statute, a "violent felony" is either "any crime punishable by imprisonment for a term exceeding one year" or "any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult." 18 U.S.C. § 924(e)(2)(B). Moreover, it is necessary that the crime or juvenile delinquency

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

*Id.* Part (i) of the definition qualifying an individual's prior offense as a violent felony is known as the elements clause. Part (ii), specifically the last piece which reads, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the residual clause.

In 2015, the Supreme Court declared the residual clause unconstitutionally vague. *See, Johnson v. United States,* 135 S.Ct. 2551, 2563 (2015). A year later, the Court announced that its ruling from *Johnson* applies retroactively. *See, Welch v. United States,* 136 S.Ct. 1257, 1268 (2016). It thus allowed individuals who were sentenced under the residual clause of the ACCA before the issuance of *Johnson* to move to correct their sentences. *See, id.; see also, Price v. United States,* 795 F.3d 731, 734-35 (7th Cir. 2015).

Dorsey brings this § 2255 petition, claiming that he is such an individual. He argues that, after *Johnson,* his prior offenses no longer qualify as "violent felonies" under the ACCA. As mentioned above, Dorsey has a conviction for robbery, which is defined under Illinois law as "knowingly tak[ing] property . . . from the person or presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-1. He also has convictions for armed robbery, meaning that he was

- 3 -

guilty of committing robbery while at least "carr[ying] on or about his . . . person . . . a dangerous weapon." *See,* 720 ILCS 5/18-2 (defining armed robbery as robbery coupled with the use or presence of a weapon, the least serious form of which is given above).

Given these prior convictions, Dorsey's sentence must stand as is. Moreover, since the materials in this case conclusively show that Dorsey is entitled to no relief, the Court makes this determination without an evidentiary hearing. *See,* 28 U.S.C. § 2255(b); *Cooper v. United States,* 378 F.3d 638, 641-42 (7th Cir. 2004).

## II. **ANALYSIS**

The Court concludes that Dorsey's 15-year sentence is proper under the elements clause of the ACCA. This clause survives *Johnson* intact. *See, Johnson,* 135 S.Ct. at 2563 ("Today's decision does not call into question . . . the remainder of the Act's definition of a violent felony."); *Stanley v. United States,* 827 F.3d 562, 564 (7th Cir. 2016) ("*Johnson* holds that the residual clause is unconstitutionally vague. *Johnson* does not otherwise affect the operation of the Armed Career Criminal Act."); *United States v. Smith,* No. 16-1895, 2016 U.S. App. LEXIS 18277, at *2 (7th Cir. Oct. 7, 2016) ("*Johnson* does not affect convictions classified under the

elements clause of the . . . Armed Career Criminal Act."). Accordingly, as long as Dorsey's criminal record contains three convictions for acts that have "as an element the use, attempted use, or threatened use of physical force against the person of another," then Dorsey has the requisite convictions to be sentenced as a career criminal.

### A. Predicate Convictions

Dorsey's petition for relief rests on the contention that his record of robbery, armed robbery, and attempted armed robbery does not include three "violent felonies" as defined by the elements clause of the ACCA. This argument is plainly contrary to Seventh Circuit case law.

#### 1. *The Seventh Circuit Treats Robbery as a Violent Felony*

The Seventh Circuit has unequivocally held that "a violation of the Illinois robbery statute *per se* constitutes a violent felony for purposes of [the elements clause under] 18 U.S.C. § 924(e)(2)(B)." *United States v. Dickerson,* 901 F.2d 579, 584 (7th Cir. 1990); *see also, United States v. Carter,* 910 F.2d 1524, 1532 (7th Cir. 1990) ("It is beyond dispute that under Illinois law, robbery is an offense that has as an element the use or threatened use of force."). Dorsey concedes this but asserts that "the Seventh Circuit must re-evaluate its precedent in light of the *Johnson* case." ECF No. 1 at 12. Not only has

the Seventh Circuit refrained from any such reevaluation, but post *Johnson,* the court has reaffirmed its holding that robbery is a qualifying offense under ACCA.

As the Seventh Circuit said a year after *Johnson* was handed down, "convictions under [the Illinois robbery] statute are crimes of violence under the elements clause[]." *Smith,* 2016 U.S. App. LEXIS 18277 at *2-3 (unpublished opinion). While the court was specifically referring to the elements clause present in the Federal Sentencing Guidelines, that clause and its counterpart in the ACCA are identical. *Compare,* 18 U.S.C. § 924(e)(2)(B)(i), *with* U.S.S.G. § 4B1.2(a)(1); *see also,* United States v. Duncan, 833 F.3d 751, 754 (7th Cir. 2016) ("The elements clauses of the ACCA definition and the Guideline definition are identical, so they have been interpreted to cover the same scope."); *United States v. Templeton,* 543 F.3d 378, 380 (7th Cir. 2008) ("Section 924 - a part of the Armed Career Criminal Act – defines 'violent felony' in the same way as §4B1.2 defines 'crime of violence', and we interpret §4B1.2 in the same way as §924(e)."). Moreover, the court cited *Dickerson* to support its ruling in *Smith* and so has affirmed the continuing validity of the case even after *Johnson*. *See, Smith,* 2016 U.S. App. LEXIS 18277 at *3. Simply put, it is established

law in the Seventh Circuit that Illinois robbery is a violent felony under the ACCA.

Since every armed robbery in Illinois is also a robbery, armed robberies are necessarily violent felonies under the ACCA as well. *See,* 720 ILCS 5/18-2 (defining armed robbery as robbery with additional elements); *Wolf v. United States,* No. 6-CV-527-NJR, 2017 U.S. Dist. LEXIS 33064, at *5-6 (S.D. Ill. Mar. 8, 2017) ("[T]he Seventh Circuit has repeatedly held that robbery as defined by Illinois law is a crime of violence; therefore logic dictates that armed robbery — which is robbery while armed with a gun — is also a crime of violence."). Indeed, the Seventh Circuit has treated armed robberies this way even after the issuance of *Johnson*. *See, Sedgwick Johnson v. United States,* No. 16-2101, 2016 U.S. App. LEXIS 14105, at *1-2 (7th Cir. June 9, 2016) (unpublished opinion) (denying a motion to file a successive § 2255 motion on account of the fact that the petitioner "has three prior convictions in Illinois for armed robbery, which qualify as crimes of violence under the elements clause" of the Guidelines).

Due to clear Seventh Circuit authority on the issue, district courts in this circuit appear to have uniformly rejected petitioners' attempts to reduce their sentences post *Johnson* on the proffered ground that robbery or armed robbery is

not a violent felony. For an non-exhaustive list of such cases, see *Adams v. United States,* No. 16-1096, 2016 U.S. Dist. LEXIS 113699, at *5-6 (C.D. Ill. Aug. 25, 2016) (holding that petitioner "is not entitled to relief under *Johnson*" because both robbery and armed robbery "continue to qualify as a 'violent felony' . . . under the elements clause even in the wake of *Johnson*"); *United States v. Carter,* No. 16 C 6465, 2017 U.S. Dist. LEXIS 39972, at *8 (N.D. Ill. Mar. 14, 2017); *United States v. Charles,* No. 16-cv-9160, 2017 U.S. Dist. LEXIS 36442, at *9 (N.D. Ill. Mar. 14, 2017); *Gregory v. United States,* No. 16-00531-DRH, 2016 U.S. Dist. LEXIS 94492, at *5-7 (S.D. Ill. July 20, 2016); *United States v. Jones,* No. 16 C 6396, 2016 U.S. Dist. LEXIS 164876, at *5-7 (N.D. Ill. Nov. 29, 2016) (Shadur, J.) (rejecting the same arguments here brought by Dorsey's counsel and stating that "[w]hat *Dickerson* . . . said . . . continues to control today"); *Mosley v. United States*, No. 6-CV-206-NJR, 2017 U.S. Dist. LEXIS 2144, at *2-3 (S.D. Ill. Jan. 6, 2017); *United States v. Saunders,* No. 15 C 8587, 2016 U.S. Dist. LEXIS 54929, at *6-7 (N.D. Ill. Apr. 25, 2016); *Wolf,* 2017 U.S. Dist. LEXIS 33064 at *5-6; *Van Sach v. United States,* No. 16 C 5530, 2017 U.S. Dist. LEXIS 36591, at *11-15 (N.D. Ill. Mar. 14, 2017) (Castillo, C.J.) (rejecting the same arguments brought by Dorsey's counsel, who was also counsel in *Van Sach,*

and concluding that "Van Sach's Illinois armed robbery conviction falls under the elements clause of the ACCA"). As for attempted armed robbery, the Court's research uncovered only one case in which a petitioner similarly situated to Dorsey had such a conviction. The judge in that case rejected the petitioner's contention that this predicate crime was not a "violent felony" for ACCA purposes. *See, Shaw v. United States,* No. 16-cv-315-bbc, 2016 U.S. Dist. LEXIS 97893, at *2-4 (W.D. Wis. July 27, 2016); *see also, Rodgers v. United States,* No. 16-cv-0622-MJR, 2017 U.S. Dist. LEXIS 38084, at *14-16 (S.D. Ill. Mar. 16, 2017) (examining current Seventh Circuit case law on attempted robbery and its relation to the ACCA).

In sum, the appellate and the district courts in this circuit treat robbery, armed robbery, and, to a less certain extent, attempted armed robbery as predicate crimes that subject a felon to the ACCA's sentencing enhancement.

### 2. *Dorsey's Arguments to the Contrary are Unpersuasive*

Against this overwhelming weight of Seventh Circuit case law, Dorsey has little to say. Instead, he makes three sidelong swipes at the authorities. First, he says that courts outside of this circuit have come to a different conclusion. *See,* ECF No. 1 at 12-13 (citing *United States v. Castro-Vazquez,* 802 F.3d 28 (1st Cir. 2015); *United States v. Gardner,* 823 F.3d 793 (4th

- 9 -

Cir. 2016); and *United States v. Parnell,* 818 F.3d 974 (9th Cir. 2016)).

This may be so, but the argument does not advance Dorsey's position. For Dorsey to succeed, this Court would have to give more weight to these three out-of-circuit opinions than the numerous in-circuit rulings. This is an especially untenable position given that the in-circuit cases addressed the specific Illinois statutes under which Dorsey was convicted, while the out-of-circuit opinions did not. *See, Castro-Vazquez,* 802 F.3d at 37-38 at (dealing with Puerto Rico's robbery statute); *Gardner,* 823 F.3d at 803-04 (looking at North Carolina's common law robbery); *Parnell,* 818 F.3d at 978-92 (examining Massachusetts law on armed robbery).

In addition, Dorsey's counsel's citation of these very cases has been rejected as inapposite to Illinois law. *See, Jones,* 2016 U.S. Dist. LEXIS 164876 at *4-7 (calling the cited cases "entirely beside the mark"). Out of the three opinions that Dorsey relies on, *Parnell* is perhaps the strongest. Yet, the Ninth Circuit in *Parnell* admitted that, in coming to the conclusion that armed robbery under Massachusetts law is not a "violent felony," it was interpreting Massachusetts law differently than how the First Circuit has interpreted that law. *See, Parnell,* 818 F.3d at 981 (distinguishing its holding from

*United States v. Luna,* 649 F.3d 91 (1st Cir. 2011)). Moreover, a district court in the Ninth Circuit has decided that the Massachusetts statute examined in *Parnell* is materially different from Illinois robbery statute. *See, United States v. Amos,* No. CV 16-1324-PHX-SRB (MHB), 2017 U.S. Dist. LEXIS 8873, at *10-11 (D. Ariz. Jan. 23, 2017) ("The minimal force requirement set forth in the Massachusetts armed robbery statute illustrated in *Parnell* is far less than the strictures of the Illinois robbery statute at issue. . . ."). Although bound by *Parnell* in a way that this Court is not, the *Amos* court nonetheless found that "Illinois armed robbery is a crime of violence." *Id.* at *10. For all these reasons, the Court declines to elevate Dorsey's cited authorities above Seventh Circuit case law.

Second, Dorsey argues that a Supreme Court case compels this Court to say that Seventh Circuit precedent is wrong. The case is *Curtis Johnson v. United States,* 559 U.S. 133 (2010). Before delving into *Curtis Johnson,* however, the Court notes that it does not have the power to contravene the Seventh Circuit. If Dorsey thinks that *Curtis Johnson* obliges the Seventh Circuit to overturn *Dickerson* and its line of cases, then Dorsey must swallow an adverse ruling from this Court and take up the issue with the court of appeals. *See, Van Sach,*

2017 U.S. Dist. LEXIS 36591 at *13-14 ("*Dickerson* remains binding precedent in this Circuit, and this Court must follow it unless it is overturned by the Seventh Circuit.").

Moreover, the Court disagrees that *Curtis Johnson* compels any such result. *Curtis Johnson* was decided in 2010, three years before Dorsey was sentenced and five years before *Johnson* issued. Given the timing, it is difficult to understand how *Curtis Johnson* only now makes Dorsey's sentence enhancement unconstitutional. Furthermore, at no point during the intervening years since the issuance of the case did the Seventh Circuit indicate that it needed to retool its prior holdings. In fact, on the occasions where the court engaged with *Curtis Johnson,* it held that convictions under robbery statutes like Illinois' are "violent felonies" under the ACCA.

According to the Seventh Circuit, "*Curtis Johnson* teaches that the violent force that must be feared for robbery by intimidation to be a crime of violence has a low threshold — a fear of a slap in the face is enough." *United States v. Armour,* 840 F.3d 904, 909 (7th Cir. 2016) (analyzing a federal bank robbery statute). Recall that the Illinois robbery statute has two prongs. Illinois criminalizes an act as robbery when an individual takes property from the person of another "by the use of force" or "by threatening the imminent use of force." 720

ILCS 5/18-1. As the Court cannot conceive of a kind of force threatened by a robber that would be strictly less than "a slap in the face," it concludes that Illinois robbery, in consonance with *Curtis Johnson,* constitutes a violent crime.

In fact, the second prong of the Illinois robbery statute is like that of Indiana, which requires taking property from another person while putting that person in fear. *See, Duncan,* 833 F.3d at 754. Relying on *Curtis Johnson,* the Seventh Circuit found that, because the fear that the Indiana statute speaks of is fear of bodily harm, "[a] conviction for robbery under the Indiana statute qualifies under the still-valid elements clause of the ACCA definition of violent felony." *Id.* at 752, 754-58. Thus, unless "threatening the imminent use of force" does not create fear of bodily harm – a mental contortion that Dorsey has not argued for – robbery under Illinois law must qualify as a violent felony under the elements clause of the ACCA as well.

Third, Dorsey asserts that even if he could be subject to a sentence enhancement under the elements clause, the burden is on the Government to show that he was, in fact, sentenced under that clause and not the now-unconstitutional residual clause. Absent such a showing by the Government, says Dorsey, his sentence is unconstitutional. He does not cite any authority for this proposition. His counsel likewise failed to do so in

- 13 -

front of Chief Judge Castillo, and the Chief Judge rejected the argument. *See, Van Sach,* 2017 U.S. Dist. LEXIS 36591 at *4 n.4 ("The question before this Court is whether [the petitioner's] sentence should be invalidated under 28 U.S.C. § 2255. If he has sufficient predicates to qualify as an armed career criminal notwithstanding *Johnson,* then his sentence is proper.").

Dorsey does cite two cases to support a tangential point. First, he relies on *Kirkland v. United States,* 687 F.3d 878, 889 (7th Cir. 2012), for the proposition that the Government bears the burden to establish a sentence enhancement under the ACCA. Second, he leans on *United States v. Davis,* 16 F.3d 212 (7th Cir. 1994), generally to make the point that "[t]he residual clause functioned as a 'catch-all.'" ECF No. 1 at 16. The citations, however, offer no support for what Dorsey actually needs to show: why the Government should not prevail if it now establishes that Dorsey's sentence is proper under the elements clause of the ACCA. Ergo, Dorsey's last pass falls short.

### 3. Dorsey Thus Has the Predicate Convictions to be Sentenced as a Career Criminal

Because Dorsey has not succeeded in moving the needle from clear Seventh Circuit case law treating robberies, armed robberies, and (likely) attempted armed robberies as violent felonies under the ACCA, the only question left is whether he

has three convictions for such felonies. Dorsey does not dispute that he has one robbery conviction, (at least) two armed robbery convictions, and an attempted armed robbery conviction. If a combination of any of these sums up to three qualifying offenses under the ACCA, then Dorsey is a career criminal whose sentence must stand.

The Court considers the convictions one by one. First up is that for robbery. To borrow from Judge Hamilton, this Court's conclusion that Illinois "robbery is a violent felony might seem about as interesting as a prediction that the sun will rise in the east tomorrow." *Duncan,* 833 F.3d at 752. For all the reasons detailed above, the Court can offer nothing more interesting: Dorsey's conviction for Illinois robbery is a conviction for a violent felony under the ACCA.

As for the armed robbery convictions, one of these convictions is actually a conviction in six separate cases. If these convictions reflect armed robberies "committed on occasions different from one another," as required by 18 U.S.C. § 924(e)(1), then Dorsey has six violent felony convictions based on these cases alone. However, given that the Government has not shown that these convictions indeed are for different armed robberies, the Court assumes that they were for armed robberies committed on the same occasion and so treats them as

- 15 -

only one ACCA qualifying conviction. *See, Kirkland,* 687 F.3d 892 ("[T]he government must prove both the existence of the prior convictions for violent felonies and that the prior convictions occurred on different occasions."). Even so, Dorsey is still down two strikes out of three.

For the third qualifying offense, Dorsey has the armed robbery conviction incurred as a minor and the attempted armed conviction (as an adult). Dorsey does not argue that his minority status somehow disqualifies the armed robbery conviction. Indeed, it seems that he cannot in good faith make such an argument. This is because the ACCA encompasses not only felony convictions as adults but also "any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult." 18 U.S.C. § 924(e)(2)(B).

In its least serious form, armed robbery under Illinois law requires the individual to have "carrie[d] on or about his or her person, or is otherwise armed with a dangerous weapon." 720 ILCS 5/18-2(a)(1); *see also, Armour,* 840 F.3d at 908 ("[W]e must presume the conviction rested on the least serious acts that could satisfy the statute."). Moreover, Illinois punishes an armed robber with imprisonment of at least six years. *See,* 720

ILCS 5/18-2(b). Accordingly, Dorsey's juvenile conviction for armed robbery is an "act of juvenile delinquency involving the use or carrying of a . . . destructive device that would be punishable by imprisonment for such term [exceeding one year] if committed by an adult." 18 U.S.C. § 924(e)(2)(B). Dorsey thus has three qualifying convictions.

In fact, he may have four. Although Seventh Circuit case law is thinner on the issue, attempted armed robbery under Illinois law is likely a violent felony. *See, United States v. Watson-El,* 376 F. App'x 605, 608 (7th Cir. 2010) (unpublished opinion) ("[R]obbery and attempted robbery under Illinois law are violent felonies."); *United States v. Granados-Marin,* 83 F. App'x 834, 837 (7th Cir. 2003) (unpublished opinion); *Davis,* 16 F.3d at 218 ("An examination of Illinois caselaw . . . makes clear that a defendant must come within 'dangerous proximity to success' to be convicted under the attempt statute.") (citing *People v. Terrell,* 459 N.E.2d 1337, 1341 (Ill. App. 1984)). *But see, Morris v. United States,* 827 F.3d 696, 697-98 (7th Cir. 2016) (allowing a criminal to file a successive § 2255 petition when he has an attempted armed robbery conviction). *But see, id.* at 698-99 (Hamilton, J., concurring) (explaining that the decision to grant a successive motion was due to time pressure and further stating that "I am skeptical about the applicant's

prospects for relief," which hinge on his showing that the attempted armed robbery conviction is not a "violent felony" under the ACCA).

In sum, Dorsey is a career criminal whose predicate convictions qualify as violent felonies under the elements clause of the ACCA. By the terms of the statute, the Court could not have sentence him to anything less than 15 years and it cannot now modify his sentence.

### B. Certificate of Appealability

The Court also cannot grant Dorsey's request for a Certificate of Appealability. Such a certificate is authorized under 28 U.S.C. § 2253(c) only if Dorsey "has made a substantial showing of the denial of a constitutional right." This standard is met "when reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Welch,* 136 S.Ct. at 1263 (quoting *Slack v. McDaniel,* 529 U. S. 473, 484 (2000)) (internal quotation marks omitted). Although one might hold the view that jurists (and even reasonable ones) could debate any matter that a client or prospect of tenure spurs them to do, the Court thinks that few neutral practitioners reading the Seventh Circuit case law would have granted Dorsey's petition. Certainly, none of the district courts whose opinions were examined in this Memorandum

has done so. The Court therefore declines to issue such a certificate.

### III. CONCLUSION

For the reasons stated herein, Dorsey's § 2255 petition [ECF No. 1] is denied. No Certificate of Appealability shall issue.

**IT IS SO ORDERED.**

 _____
 Harry D. Leinenweber, Judge
 United States District Court

Dated: April 6, 2017